| | |
|---|---|
| MARCIA PENNICOTT, : | |
| Plaintiff, : | |
| : | **MEMORANDUM** |
| v. : | **OPINION AND ORDER** |
| : | |
| J.P. MORGAN CHASE BANK, N.A., and : | 15 CV 6792 (VB) |
| FEDERAL NATIONAL MORTGAGE : | |
| ASSOCIATION, : | |
| Defendants. : | |

Briccetti, J.:

Plaintiff Marcia Pennicott, who is proceeding pro se, brings this action against defendants J.P. Morgan Chase Bank, N.A. ("Chase") and Federal National Mortgage Association ("Fannie Mae"), claiming she was improperly denied a mortgage modification and thus subjected to improper foreclosure on her home.

Before the Court is defendants' motion for summary judgment. (Doc. #66).

For the following reasons, defendants' motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND

The parties have submitted briefs, and defendants have submitted a statement of facts pursuant to Local Civil Rule 56.1, a declaration, and an affidavit with exhibits, reflecting the following factual background.[1]

---

[1] Plaintiff's opposition brief indicates she "accepts for value the statements and pleading of defendant[']s preliminary statement . . . . [and] statement of facts in defendant's motion for summary judgment." (Pl.'s Br. at 1). On this basis, and because plaintiff submits no materials and makes no contrary factual statements in her opposition, the Court treats defendants' factual statements and exhibits as uncontested. Nevertheless, mindful of plaintiff's pro se status, the Court has scrutinized defendants' materials to ensure they support defendants' factual assertions.

1

On August 7, 2007, plaintiff and Chase entered into a mortgage loan, secured by a mortgage (the "Mortgage") on real property in Pelham Manor, NY (the "Property"). Plaintiff defaulted on her payment obligation on July 1, 2009, and remained in default thereafter.

On April 26, 2011, Chase sent plaintiff a letter offering her a mortgage modification conditioned on her making three trial period payments. These payments were for $4,763.21 each and were due June 1, July 1, and August 1, 2011. Although plaintiff's amended complaint alleges she made all three trial payments, the undisputed evidence in this case shows plaintiff made the first two payments but never made the third. Moreover, on May 12 and July 11, 2011, plaintiff sent Chase two separate letters indicating she could not afford the trial period payments. (Childress Aff. Exs. F & G). Consequently, Chase did not offer plaintiff a modification.

Chase instituted foreclosure proceedings on the Property on January 9, 2013, in Supreme Court, Westchester County. Chase filed an affidavit of service in the foreclosure action indicating plaintiff was served with the summons and complaint on January 17, 2013. Plaintiff did not appear, answer the complaint, or otherwise contest the foreclosure action.

On April 1, 2014, Chase assigned the Mortgage to Fannie Mae. Fannie Mae was thus substituted as the plaintiff in the foreclosure action.

On January 9, 2015, Justice Charles D. Wood issued a judgment of foreclosure and sale. On March 4, 2015, Fannie Mae purchased the Property at auction. As of the briefing for the present motion, Fannie Mae had pending a holdover action to evict plaintiff from the Property.

Plaintiff commenced the instant action in Supreme Court, Westchester County, on May 21, 2015, and defendants removed the action to this Court on August 27, 2015. Plaintiff filed the operative amended complaint ("Am. Compl.") on October 19, 2015. The amended complaint brings three claims: breach of contract, breach of the implied covenant of good faith and fair

dealing, and violation of New York General Business Law § 349.  Plaintiff's claims are premised on three non-conclusory factual allegations.  Plaintiff alleges (i) defendants failed to modify her mortgage as promised even though she made all three trial period payments; (ii) defendants made "inaccurate calculations and determinations of Plaintiff's eligibility for [the Home Affordable Modification Program ('HAMP')] or other in house loan modification programs" (Am. Compl. ¶ 74(e)); and (iii) Fannie Mae "mov[ed] forward with the foreclosure process while also evaluating [plaintiff] for a loan modification in violation of the rules of the [Consumer Financial Protection Bureau ('CFPB')]."  (Id. ¶ 75).

## DISCUSSION

I.  Legal Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  See id.  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate.  Celotex

Corp. v. Catrett, 477 U.S. at 323. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citations omitted).

II.   Defendants' Motion for Summary Judgment

Summary judgment is warranted in this case on res judicata grounds.

"The doctrine of res judicata, or claim preclusion, holds that 'a final [adjudication] on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

In New York, "[o]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997) (quoting O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981)). Claims are deemed to have been brought to a final conclusion even when they "could have been litigated [as defenses in the prior action], including defenses to a foreclosure." Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) (collecting cases). Thus, "[a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action." Signature Bank v. Epstein, 95 A.D.3d 1199, 1200 (2d Dep't 2012) (internal quotation omitted).

In essence, the amended complaint seeks to relitigate the foreclosure action, which was already decided in defendants' favor. Plaintiff's claims all allege misconduct by defendants in their decision to foreclose on the Property instead of offering plaintiff a mortgage modification.

4

Plaintiff failed to appear after being served in the foreclosure action, so she did not raise these arguments as defenses there. Accordingly, she is precluded from bringing such claims here.

In any event, summary judgment is also warranted because there is no genuine issue of material fact as to any of plaintiff's claims. The undisputed evidence shows plaintiff did not, as she claims, make all three trial period payments. As such, plaintiff cannot show defendants were obligated to grant her a mortgage modification. As for plaintiff's allegations that defendants failed to determine accurately her eligibility for HAMP, and that Fannie Mae violated CFPB rules by proceeding with foreclosure while simultaneously evaluating plaintiff for a loan modification, plaintiff offers no evidence whatsoever to substantiate them. Indeed, from the undisputed evidence it appears neither defendant instituted foreclosure proceedings until January 2013, over a year after plaintiff failed to make the third trial period payment necessary to obtain a mortgage modification.

Plaintiff's opposition brief merely argues "Defendants have violated [e]very provision of the SINGLE FAMILY MORTGAGE FORECLOSURE ACT" (Pl.'s Br. at 2) and then purports to quote all of 12 U.S.C. § 3751-68. Plaintiff has not brought a claim under this statute and does not explain how or why defendants violated it. As such, it is irrelevant.

The Court has considered plaintiff's other arguments and finds them to be without merit.

**CONCLUSION**

The motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #66) and close this case.

The Clerk is further instructed to mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: September 15, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge